THE STATE OF OHIO, APPELLEE, *v.*
RAFTER, APPELLANT.

(No. C-840698 — Decided July 3, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellee.

*W. Kenneth Zuk,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellant was arrested by the Terrace Park, Ohio police on April 6, 1984. His intoxilyzer test registered a .19 alcohol concentration level. Subsequently, appellant was charged with driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1) and operating a motor vehicle with an alcohol concentration of ten hundredths of one gram or more per two hundred ten liters of his breath in violation of R.C. 4511.19(A)(3).

Prior to trial, appellant filed a motion to suppress the results of the intoxilyzer test. After a hearing, the trial court overruled appellant's motion. The charge of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1) was dismissed. Appellant pled no contest to the charge under R.C. 4511.19(A)(3). Appellant was found guilty and sentenced as appears of record.

Appellant's sole assignment of error alleges that the trial court erred in overruling appellant's motion to suppress the intoxilyzer results. Appellant argues that the failure of the Terrace Park police to record in the intoxilyzer log book the date of first use of the intoxilyzer calibration solution, in violation of Department of Health regulations, renders the results of appellant's intoxilyzer test inadmissible.[1]

Official Instruction No. 009, promulgated by the Department of Health pursuant to the Rules of the Director of Health and R.C. 3701.143, provides in pertinent part:

"Date of first use for the calibration solution and its identification data are to be recorded on the breath test report form."

The record reveals that at trial defense counsel questioned the officer who administered appellant's intoxilyzer test as follows:

"Q. When you open a bottle of

---

[1] We note that appellee, in its brief, erroneously characterizes appellant's argument. Appellant is not arguing that the date of first use must appear on every page of the police log book, including appellant's breath test report, and we do not decide that question. Appellant argues that where the date of first use of the calibration solution has never been recorded in the log book, there is no compliance with the Department of Health regulations and that, therefore, the intoxilyzer test results must be suppressed.

simulator solution, it has a label and you mark on it the date of first use; is that correct?

"A. Yes.

"Q. And then when you are finished with the bottle, you discard it; is that correct?

"A. Right.

"Q. You do not write it down in the actual log book, the date of first use; is that correct?

"A. Yes."

Further, on redirect examination, the officer testified as follows:

"Q. Mark, you agree that in what you actually wrote on your log book, at no place did you write down the date of first use; is that correct?

"A. That's correct."

It is clear that at no time was the date of first use of the calibration solution recorded in the log book. We note that each time the intoxilyzer machine was calibrated, the date of the calibration and the bottle and batch numbers of the calibration solution were recorded in the log book. Appellee argues that the date of first use of each solution can be deduced by flipping through the log book and noting the dates of the machine calibrations using various solutions. Presumably, appellee argues, the date on which the bottle and batch numbers of a certain solution first appear is the date of first use of that particular solution. Appellee argues that this fulfills the requirement that the date of first use be recorded on the breath test form. We disagree.

Instruction No. 009 requires that the date of first use be recorded. The evidence in the case *sub judice* shows that the date of first use was not recorded anywhere in the log book. Further, the evidence showed that the date of first use was recorded on the bottle of calibration solution itself. Subsequently, the bottle was disposed of by the Terrace Park police.

It is clear in this case that there was no compliance with the directives of Instruction No. 009. Therefore, the results of appellant's intoxilyzer test should have been suppressed.

Appellee also argues that the issues in the instant appeal were not properly raised in a motion to suppress evidence. Appellee asserts that because the state must prove at trial, as a foundation for the admissibility of the results of an intoxilyzer test, that the intoxilyzer machine was properly calibrated and that the operational checklist was followed, a challenge to such "foundational evidence" is only properly raised at trial. We disagree.

In the case *sub judice,* appellant in his motion to suppress attacked the admissibility of the results of his intoxilyzer test alleging that the procedure did not conform with the Ohio Department of Health regulations. If proven, the deficiency would support suppression of the intoxilyzer results on the ground that the evidence was "illegally obtained." We find that the matter was properly raised in appellant's pretrial motion to suppress. Traf. R. 11(B)(2)(a); *State* v. *Veeneman* (Dec. 12, 1984), Hamilton App. No. C-840187, unreported; *State* v. *McKinney* (Oct. 21, 1981), Hamilton App. No. C-800922, unreported.

Appellant's assignment of error is well-taken. Appellant's motion to suppress the intoxilyzer test results should have been sustained by the trial court. There being no other evidence to support appellant's conviction, appellant's conviction is reversed and appellant is hereby discharged.

*Judgment reversed.*

SHANNON, P.J., DOAN and HILDE-BRANDT, JJ., concur.